UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the matter of the Complaint of
Cornucopia Cruise Line, Inc. as
Owner/Operator of
Cornucopia Majesty for                              Civil Action No. 24-cv-08462-MMG
Exoneration from or
Limitation of Liability

**THORN MELVILLE AND MICHAEL PETERS' ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS**

Now comes Thorn Melville and Michael Peters, by and through their attorneys, in this Answer, Affirmative Defenses, Counterclaims, and Crossclaims, to the Petitioner's, Cornucopia Cruise Line Inc. as Owner/Operator of Cornucopia Majesty for Exoneration from or Limitation of Liability.

*CLAIMANTS MELVILLE AND PETERS DEMAND A JURY ON ALL CLAIMS AND COUNTERCLAIMS*

**Answer to Complaint:**

1. As this is a statement of law and not an allegation of fact, Melville and Peters neither admit nor deny.
2. As this is a statement of law and not an allegation of fact, Melville and Peters neither admit nor deny.
3. Melville and Peters are without sufficient knowledge to either admit or deny.
4. Melville and Peters are without sufficient knowledge to either admit or deny.
5. Denied.
6. Melville and Peters are without sufficient knowledge to either admit or deny.
7. Denied.
8. Denied.
9. Melville and Peters are without sufficient knowledge to either admit or deny.
10. Melville and Peters are without sufficient knowledge to either admit or deny.
11. No response required.
12. Denied.

13. As this is a statement of law and not an allegation of fact, Melville and Peters neither admit nor deny.
14. No response required.

# **MELVILLE AND PETERS DENY ALL REMAINING CLAIMS OF THE PETITIONER AND DENY ITS RIGHT TO EXONERATION OR LIMITATION OF LIABILITY FOR ANY CLAIMS BY THORN MELVILLE AND/OR MICHAEL PETERS**

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.
2. The Court lacks subject matter jurisdiction over this matter.
3. The Petitioner failed to serve sufficient process.
4. The Petitioner failed to provide required public notice.
5. This Court lacks personal jurisdiction over Thorn Melville and/or Michael Peters.[1]
6. The Petitioner failed to keep and/or maintain the vessel in a seaworthy condition.[2]
7. The Petitioner has the shifted burden of proof that the vessel was, in fact, seaworthy.[3]
8. The Petitioner is liable and/or vicariously liable through privity and knowledge for the unseaworthy condition of the vessel as Petitioner and/or the master of the vessel had actual knowledge of same.
9. The Petitioner is liable and not entitled to exoneration nor limitation as a result of inadequate maintenance and repair procedures.[4]
10. The Petitioner, in whole or in part, individually, jointly and/or severally, caused or contributed to causing the damages sustained by Thorn Melville and/or Michael Peters.
11. The Petitioner fails to post sufficient security to adequately discharge the petitioner's liabilities.[5]
12. The security posted by the Petitioner fails to adequately reflect the value of the vessel, its appurtenances and its freight at the time of the incident which is the subject matter of this litigation.

---

[1] Supplemental Rule F(9)
[2] Villers Seafood Co., Inc. v. Vest, 813 F.2d 339 (1987); Hercules Carriers, Inc. v. Florida, 768 F.2d 1558 (1985)
[3] Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225 (1990)
[4] In re Amoco Cadiz, 1984 AMC 2123 (N.D. Il 1984), aff'd 1992 AMC 913 (7TH Cir. 1992)
[5] Section 183 calls for $420 per gross ton for fishing vessels

## COUNTER-CLAIM(S) AND CROSS CLAIMS

NOW COMES Thorn Melville and Michael Peters' counter claim pursuant to General Maritime Law, and Laws of the State of New York, against the Petitioner (Defendant in Counter-Claim) Cornucopia Cruise Line Inc. as Owner/Operator of Cornucopia Majesty. Melville and Peters' hereby bring Cross Claims against Defendants ByFar Entertainment, F&D Security, John Doe, John Doe, John Doe, John Doe, John Doe.

## PARTIES

1. The Plaintiff in Counterclaims and Crossclaims Thorn Melville(hereinafter "Melville"), is an individual with a residence in Brooklyn, NY.
2. The Plaintiff in Counterclaims and Cross Claims, Michael Peters(hereinafter "Peters"), is an individual with a residence in Brooklyn, NY.
3. The Defendant-in-Counter Claims (Petitioner), Cornucopia Cruise Line Inc.(hereinafter "Cornucopia") was and is a corporation organized under the laws of the State of New Jersey and is the registered owner of the vessel, the Cornucopia Majesty.
4. The Defendant-in-Counterclaims(Petitioner), Cornucopia Majesty, is a United States Flagged passenger vessel owned and operated by Cornucopia Cruise Line Inc.
5. The Defendant, ByFar Entertainment, LLC(hereinafter "By Far") is an entertainment and promotional company doing business in the state of New York, which ran a promotional event on the vessel on the date in question.
6. The Defendant, F & D SECURITY 2019, INC.,(hereinafter "F&D") is a security company doing business in the state of New York, which provided security services on the vessel on the date in question, with a principal place of business in Brooklyn, NY.
7. The Defendant, John Doe #1, attacked the plaintiff in counterclaims/third party plaintiff/claimant, Thorn Melville.
8. The Defendant, John Doe #2, attacked the plaintiff in counterclaims/third party plaintiff/claimant, Michael Peters.
9. The Defendant, John Doe #3, assisted with John Doe #1' and John Doe #2s attack on the plaintiffs in counterclaims/third party plaintiff/claimants, Thorn Melville and Michael Peters.

10. The Defendant, John Doe #4, assisted with John Doe #1' and John Doe #2s attack on the plaintiffs in counterclaims/third party plaintiff/claimants, Thorn Melville and Michael Peters.

11. The Defendant, John Doe #5, assisted with John Doe #1' and John Doe #2s attack on the plaintiffs in counterclaims/third party plaintiff/claimants, Thorn Melville and Michael Peters.

## JURISDICTION/VENUE

12. The Court has subject matter jurisdiction as this is a case in Admiralty brought under general maritime laws of the United States.

13. This court has personal jurisdiction over the Defendant in Counterclaims/Petitioner and the Defendants, as the vessel made port in New York and the incident which is the subject matter of this Third Party Complaint occurred as the vessel was preparing to dock at the port in New York.

## FACTUAL ALLEGATIONS

14. Melville and Peters restate and incorporate by reference paragraphs 1-13 as if specifically pleaded herein.

15. On or about April 20, 2024, the vessel Cornucopia Majesty, which is owned and operated by Cornucopia departed the pier at Brooklyn Army Terminal.

16. Boarding of passengers began at 11 a.m. and the vessel was scheduled to dock at 4 p.m. on that day.

17. Defendant, By Far Entertainment(hereinafter "By Far"), rented the vessel from Cornucopia, on information and belief, for $55,000, for the purpose of hosting a promotional event aboard the vessel.

18. The charter agreement between Cornucopia and By Far is attached to this Complaint as Exhibit A.

19. The plaintiffs, Melville and Peters, as passengers aboard the vessel for the event detailed in the charter agreement, Exhibit A, were intended beneficiaries of this agreement.

20. Cornucopia was required via the charter agreement between Cornucopia and By Far to provide a fully licensed and trained, seaworthy, captain and crew for the operation of the vessel on the date in question.

21. By Far, was responsible to provide an advanced guaranteed number of passengers pursuant to its contract with Cornucopia.
22. Cornucopia was responsible pursuant to its contract with By Far to have the crew count the passengers boarding the vessel at the gangway on the charter date.
23. The maximum number of guests permitted to board the vessel was 1350(Exhibit A).
24. F&D was required to provide 20 security guards aboard the vessel on the charter date(Exhibit A).
25. Melville and Peters were passengers on the vessel on the charter date.
26. The vessel traversed the waters of New York from approximately noon to 4 p.m. on the charter date.
27. Prior to the boat docking at the port, the DJ announced that the boat had already docked and all passengers should exit the vessel.
28. Passengers crowded around the exits to the vessel, however, the boat had not yet docked.
29. The crowd of passengers, many of whom were overserved and intoxicated, became agitated.
30. There was little to no security in the area of the vessel's exits where the crowd had gathered.
31. On information and belief, more than 300 guests over and above the vessel's maximum capacity, had been allowed to board the vessel on the charter date.
32. Fights broke out amongst the passengers who were crowded near the exits waiting for the boat to dock.
33. Melville and Peters were assaulted by John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5, among others.
34. As a direct and proximate result of the incident, Thorn Melville and Michael Peters were injured, consciously suffered, experienced pain and suffering, and other damages as will be proven at trial.

**COUNT I: MARITIME NEGLIGENCE, GROSS NEGLIGENCE &**

## UNSEAWORTHINESS v. CORNUCOPIA CRUISE LINE INC. AS OWNER OF CORNUCOPIA MAJESTY

35. Melville and Peters reallege and reaver paragraphs 1-34 as if expressly stated herein.

36. Cornucopia is a "common carrier."[6]

37. As a common carrier, Cornucopia has a heightened duty of care to passengers aboard its ferry.[7]

38. Cornucopia, a common carrier, also undertakes an absolute duty to protect passengers against the negligence of its own servants, employed in executing the transportation and acting within the general scope of their employment.[8]

39. Cornucopia, as a common carrier, is also required to provide seaworthy and adequately equipped vessels.[9]

40. Cornucopia, as a common carrier, has the "highest degree of care and diligence in providing for the safety of passengers."[10]

41. Cornucopia also has an ordinary duty of reasonable care to the Plaintiffs in Counterclaims/Petitioners.

42. Cornucopia breached its duty to Melville and Peters in the following ways:

    a. Failure to provide a seaworthy vessel, including adequate crew, security, and safety appurtenances;

    b. Failure to adequately train staff to address unruly passengers;

    c. Failure to provide adequate security;

---

[6] Martin v. Cape Fear, Inc., 2004 U.S. Dist. LEXIS 7722 see also The Huntress, 1840 U.S. Dist. LEXIS 26, 12 F. Cas. 984, 2 Ware 89, 4 W.L.J. 38

[7] Ramsay v. Frontier, Inc., 2020 U.S. Dist. LEXIS 151176, 2020 WL 4557545 citing Restatement (Second) of Torts § 314A (1) & (2) (explaining that innkeeper's duty to his guests is the same as that of a common carrier to its passengers in terms of protection against unreasonable risk of physical harm). See also Liverpool and Great Western Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 440, 9 S. Ct. 469, 32 L. Ed. 788 (1889). Other courts have used various language in imposing similarly high standards: Pennsylvania Co. v. Roy, 102 U.S. 451, 456, 26 L. Ed. 141 (1880), Stokes v. Saltonstall, 13 Pet. 181, 38 U.S. 181, 191, 10 L. Ed. 115 (1839) (duty to transport passengers safely, "[as] far as human care and foresight can go"); Allen v. Matson Navigation Company, 255 F.2d 273, 277 (9th Cir. 1958) ("extraordinary vigilance and the highest skill"); Moore v. American Scantic Line, 121 F.2d 767, 768 (2nd Cir. 1941) ("as much skill, care, and prudence as an exceedingly competent and cautious man would bring to the task in like circumstances"); Kitsap County Transp. Co. v. Harvey, 15 F.2d 166, 167 (9th Cir. 1926) ("high degree of care"); Gardner v. Panama Canal Co., 115 F. Supp. 687 (D. Canal Zone 1953); Robinson, id. at 553: "very high degree of care, prudence and foresight"); The Arabic, 34 F.2d 559, 562 (S.D.N.Y.1929) ("highest degree of care").

[8] New Jersey S.B. Co. v. Brockett, 121 U.S. 637, 7 S. Ct. 1039, 30 L. Ed. 1049, 1887 U.S. LEXIS 2082

[9] Rizzo v. Winnisimet Co., 217 Mass. 19, 104 N.E. 363, 1914 Mass. LEXIS 1156

[10] Compagnie Generale Transatlantique, etc., 392 F. Supp. 973, 1975 U.S. Dist. LEXIS 12825

   d. Failure to prevent unruly passengers from boarding;
   e. Failure to prevent unruly passengers from harm to other passengers;
   f. Directing passengers to exit the vessel before they had the ability to do so as the vessel had not yet docked;
   g. Gathering passengers in close quarters;
   h. Failing to monitor the alcohol consumption and overserving by bar staff of the passengers to prevent unruly behavior;
   i. Failing to adequately check boarding passengers for weapons or other instruments of harm to fellow passengers;
   j. Making the voyage over passenger capacity;
   k. Failure to provide safe passage for passengers injured by other passengers; and
   l. Other breaches of duty as will be proven at trial.
43. As a direct and proximate cause of the breaches of duty of the defendant, Melville and Peters were injured and incurred damages.

Wherefore, Melville and Peters demand judgment against All Defendants in Counterclaims and Crossclaims for all damages allowable by law, together with interest, costs and attorneys' fees.

### COUNT II: NEGLIGENCE, GROSS NEGLIGENCE & NEGLIGENCE PER SE v. BY FAR ENTERTAINMENT LLC AND F&D SECURITY 2019 INC.

44. Melville and Peters restate and incorporate by reference paragraphs 1-43 of their Complaint as if specifically stated herein.
45. By Far and F&D owed a heightened duty to its patrons to keep them reasonably safe when on its premises[11].
46. By Far and F&D also owed an ordinary duty or care to its patrons to keep them reasonably safe when on its premises.

---

[11] *Ouch v. Khea,* 963 A.2d 630, 633 (R.I.2009) (quoting *Selwyn v. Ward,* 879 A.2d 882, 886 (R.I.2005)) see also Woods-Leber v. Hyatt Hotels of P.R., Inc. 124 F. 3d 47, 50 (1st Cir. 1997) cited within Warner v. Horned Dorset Primavera, Inc. (In re. Blomquist), 925 F. 3d 541

47. By Far and F&D breached the local ordinances and statutes governing their operations, rising to the level of negligence per se[12].

48. By Far and F&D also breached its duty to Melville and Peters in the following ways:
    a. Failing to properly staff the event with security and event staff;
    b. Allowing intoxicated patrons on the vessel during the event;
    c. Failing to monitor alcohol consumption of the passengers, and overserving by the bar staff, to prevent harm to other passengers;
    d. Failing to properly check the passengers for weapons or other instruments of harm when boarding;
    e. Prematurely announcing disembarcation, causing passengers to gather and become unruly;
    f. Lack of sufficient security personnel;
    g. Failure to property train staff;
    h. Overcrowding the vessel and allowing more than the maximum number of passengers aboard;
    i. Failing to provide security during the disembarkation;
    j. Failing to properly supervise its staff;
    k. Failing to properly check IDs of patrons;
    l. Overserving patrons;
    m. Violating several local ordinances and state regulations;
    n. Other breaches and violations, which will be proven at trial.

49. As a direct and proximate cause of the breaches of duty of the defendants, the plaintiffs were injured and incurred damages.

Wherefore, Melville and Peters demand judgment against the defendants for all damages allowable by law, together with interest, costs and attorneys' fees.

**COUNT III: NEGLIGENCE V. INDIVIDUAL THIRD PARTY DEFENDANTS**

---

[12] Under traditional negligence approach, negligence per se will be found where violation of statutory duty caused precisely the kind of harm which the statute was designed to prevent. Pratico v. Portland Terminal Co., 783 F.2d 255 (C.A.1 (Me.),1985)

**JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5**

50. Melville and Peters restate and incorporate by reference paragraphs 1-49 of their Complaint as if specifically stated herein.
51. The third party defendants owed a duty to Melville and Peters at all times to act in a safe and reasonable manner.
52. The third party deendants breached this duty when they:
    a. Became intoxicated;
    b. Engaged in physical altercations endangering others;
    c. Carried and wielded weapons onto the vessel;
    d. Assaulted and battered Melville and Peters;
    e. Injuring Melville and Peters directly and indirectly;
53. As a direct and proximate cause of breaches of duty of the third party defendants, Melville and Peters were injured and incurred damages.

Wherefore, Melville and Peters demand judgment against the defendants for all damages allowable by law, together with interest, costs and attorneys' fees.

**COUNT IV: INTENTIONAL A&B v. INDIVIDUAL THIRD PARTY DEFENDANTS JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5**

54. Melville and Peters restate and incorporate by reference paragraphs 1-53 of their Complaint as if specifically stated herein.
55. At all relevant times the third party defendants had a duty to refrain from creating the apprehension of imminent, unwanted, harmful and/or offensive touching on Melville and Peters.
56. On the day in question, the third party Defendants created the apprehension of imminent, unwanted, harmful and/or offensive touching on Melville and Peters and followed through on that unwanted harmful and/or offensive touching by physically assaulting and battering the plaintiffs.
57. As a direct and proximate result of the harmful and/or offensive touching perpetrated by third party Defendants, Melville and Peters suffered significant personal injuries.

Wherefore, Melville and Peters demand judgment against the defendants for all damages allowable by law, together with interest, costs and attorneys' fees.

### COUNT V: BREACH OF CHARTER AGREEMENT V. CORNUCOPIA CRUISE LINE INC. AND BY FAR ENTERTAINMENT LLC

58. Melville and Peters restate and incorporate by reference paragraphs 1-57 of their Complaint as if specifically stated herein.
59. Cornucopia and By Far entered into a charter agreement, which is attached to this Complaint as Exhibit A.
60. The passengers of the vessel on the charter date in question, were the intended beneficiaries of that charter agreement.[13]
61. The intended beneficiaries of a breached agreement are entitled to damages to place them back in the position they would have been absent the breach. [14]
62. As a direct and proximate result of the breach of the charter agreement by Cornucopia and By Far, Melville and Peters were damaged, and suffered significant personal injuries.

Wherefore, Melville and Peters demand judgment against the defendants for all damages allowable by law, together with interest, costs and attorneys' fees.

---

[13] a third party may only enforce a contract "if the contract was intended for his [or her] benefit and it . . . clearly appear[s] that the parties intended to recognize him [or her] as the primary party in interest and as privy to the promise."
D.C. Water & Sewer Auth. v. Samaha Assocs., PC, 2024 U.S. Dist. LEXIS 64346, *9, 2024 WL 1537799

[14] Whether applying Michigan, Florida, or maritime law, a party prevailing on a breach of contract claim is entitled to damages in [*8] an amount necessary to put the party in the same position it would have been absent the breach. *See Grupo HGM Tecnologias Submarina, S.A. v. Energy Subsea, LLC*, 566 F. Supp. 3d 1219, 1229 (S.D. Ala. 2021) (citing *San Carlos Irrigation & Drainage Dist. v. United States*, 111 F.3d 1557, 1562 (Fed. Cir. 1997)) (maritime law); *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860-61 (2d Cir. 1985) (maritime law); *Elite Int'l Enter., Inc. v. Norwall Grp., Inc.*, 628 F. App'x 370, 374 (6th Cir. 2015) (citing *Demirjian v. Kurtis*, 353 Mich. 619, 91 N.W.2d 841, 843 (Mich. 1958)) (Michigan law); *Christie v. Royal Caribbean Cruises, Ltd.*, 497 F. Supp. 3d 1227, 1233 (S.D. Fla. 2020) (citing *Capitol Envtl. Servs, Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 596 (Fla. 1st Dist. Ct. App. 2009)) (Florida law). Busch Marine Grp., Inc. v. Calumet River Fleeting, Inc., 2023 U.S. Dist. LEXIS 65071, *7-8, 2023 AMC 216, 2023 WL 2931852

## PRAYER FOR RELIEF

WHEREFORE, Thorn Melville and Michael Peters demand from Cornucopia, By Far, F&D, John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5 all damages allowable by law, together with interest, costs, attorneys fees, and punitive damages, along with any other damages that the Court deems appropriate.

### MELVILLE AND PETERS DEMAND A TRIAL BY JURY ON ALL MATTERS CONTAINED WITHIN THIS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

Thorn Melville and Michael Peters, by their counsel:

/s/Justin Blitz, Esq.
Local Counsel
Blitz Law Group, LLP
747 Third Avenue, 23rd Floor
New York, NY 10017
Ph. 212-871-1300
Fx. 646-599-9320

justin@blitzlawgroup.com

**DATE: 12/26/2024**

/s/Joseph M. Orlando, Jr.
Pro Hac Vice - Pending
MA BBO# 680995
ORLANDO & ASSOCIATES, P.C.
1 Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
jmorlandojr@orlandoassociates.com

Certificate of Service

I hereby certify that this document was filed and served through the CM/ECF filing system on all parties appearing in this matter in accordance with the Fed.R.Civ.Pro & Local Rules.

Case 1:24-cv-08462-MMG     Document 14     Filed 01/02/25     Page 12 of 12